*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to
6th Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

File Name: 08b0007n.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | |
|---|---|
| In re: GRUSECK & SON, INC., <br><br> Debtor. <br><br>———————————————— <br><br> L. CRAIG KENDRICK, Trustee, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> CIT SMALL BUSINESS LENDING CORP., <br><br> Defendant - Appellee. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    No. 06-8091 |

Appeal from the United States Bankruptcy Court
for the Eastern District of Kentucky, at Covington.
Case No. 06-20076, Adversary Case No. 06-2078.

Argued: May 2, 2007

Decided and Filed: April 16, 2008

Before: AUG, PARSONS, and WHIPPLE, Bankruptcy Appellate Panel Judges.

---

**COUNSEL**

**ARGUED:** Debra S. Pleatman, ZIEGLER & SCHNEIDER, P.S.C., Covington, Kentucky, for Appellant. John P. Brice II, WYATT, TARRANT & COMBS, LLP, Lexington, Kentucky, for Appellee. **ON BRIEF:** Debra S. Pleatman, ZIEGLER & SCHNEIDER, P.S.C., Covington, Kentucky, for Appellant. John P. Brice II, WYATT, TARRANT & COMBS, LLP, Lexington, Kentucky, for Appellee.

# OPINION

J. VINCENT AUG., JR., Bankruptcy Appellate Panel Judge. This is yet another case in which a bankruptcy trustee seeks to avoid a mortgage on the basis that the language in the certificate of acknowledgment is defective. The Appellant, L. Craig Kendrick, Trustee ("Trustee"), appeals the bankruptcy court's Order and Judgment granting the motion for summary judgment of Appellee CIT Small Business Lending Corp. ("CIT") and denying the Trustee's motion for summary judgment. The bankruptcy court determined that the certificate of acknowledgment in a mortgage transferring a security interest in real estate to CIT substantially complied with the requirements of Kentucky Revised Statute § 423.130. As a result of this finding, the court concluded that CIT's interest in the real estate is superior to the Trustee's interest.

## I. ISSUES ON APPEAL

This appeal raises the following issues:

1.  Does the language in the mortgage's certificate of acknowledgment substantially comply with Kentucky Revised Statutes Chapter 423 so that the Trustee had constructive notice of the mortgage?

2.  If not, does amended Kentucky Revised Statute § 382.270 apply retroactively such that the certificate of acknowledgment provided constructive notice to the Trustee?

3.  If the certificate of acknowledgment does not provide constructive notice, does the notice provided by CIT's recording of its Notice of Lis Pendens defeat the Trustee's claimed position as a bona fide purchaser under 11 U.S.C. § 544(a)(3)?

4.  Did CIT's recording of its Notice of Lis Pendens during the preference period constitute a transfer, subject to avoidance as a preference?

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Eastern District of Kentucky has authorized appeals to the Bankruptcy Appellate Panel ("BAP"). The order on appeal is final and may be appealed as of right.

28 U.S.C. § 158(a)(1). None of the parties have timely elected to have this appeal heard by the district court. 28 U.S.C. § 158(c)(1).

A bankruptcy court's grant of summary judgment is reviewed de novo. *Int'l Union v. Cummins, Inc.*, 434 F.3d 478, 483 (6th Cir. 2006). Under a de novo standard of review, the reviewing court decides an issue independently of, and without deference to, the trial court's determination. *Treinish v. Norwest Bank Minn., N.A. (In re Periandri)*, 266 B.R. 651, 653 (B.A.P. 6th Cir. 2001).

### III. FACTS

The following facts are not in dispute. On May 6, 2002, the debtor Gruseck & Son, Inc. ("Debtor"), acting through its President, Lester Arnold Gruseck, executed a note and mortgage in favor of CIT in the principal amount of $879,000. The mortgage was recorded on May 20, 2002, in the Boone County Clerk's Office at Burlington, Kentucky. The mortgage contains the following signatures and certificate of acknowledgment:

Dated this 6th day of May, 2002.

**EACH GRANTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS MORTGAGE, AND EACH GRANTOR AGREES TO ITS TERMS.**

**GRANTOR:**          **GRUSECK & SON, INC.**

By: /s/ Lester Arnold Gruseck
LESTER ARNOLD GRUSECK, President

**State of Kentucky**    )
                         ) SS
**County of Boone**      )

I, a notary public in and for the state and county aforesaid, do hereby certify that on this 6th day of May, 2002, there appeared before me LESTER ARNOLD GRUSECK, President of GRUSECK & SON, INC. who executed and delivered the foregoing mortgage. My commission expires: June 2, 2004.

/s/ [Signature is illegible]
Notary Public, State at Large, Kentucky

(Appellant's App. at 20.)

On November 22, 2005, CIT recorded a Notice of Lis Pendens in the Boone County Clerk's Office. The notice was properly acknowledged and referred to a foreclosure action CIT had commenced in Boone County Circuit Court to enforce its mortgage, which was identified in an attached exhibit.

On February 16, 2006, Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. L. Craig Kendrick was appointed the Chapter 7 Trustee and initiated the present adversary proceeding. The Trustee alleged in the complaint that the acknowledgment in the mortgage was defective, that the defective acknowledgment rendered the instrument invalid against a bona fide purchaser under 11 U.S.C. § 544(a), that the recording of the Notice of Lis Pendens for the benefit of CIT within ninety days of the filing of Debtor's bankruptcy petition, while the debtor was insolvent, was on account of an antecedent debt, and that the recording allowed CIT to receive more than it would have received in a Chapter 7 had the Notice not been recorded. The Trustee's prayer for relief sought a declaration that the mortgage was avoidable as a preferential transfer under 11 U.S.C. § 547 and an order preserving the benefits of the lien for the bankruptcy estate.

The parties filed cross motions for summary judgment. The Trustee argued that CIT's mortgage contained a defective certificate of acknowledgment and, as such, did not provide constructive notice to the Trustee. The Trustee, therefore, argued that he obtained the status of a bona fide purchaser under § 544(a)(3). Although he acknowledged that the Notice of Lis Pendens served to perfect CIT's mortgage and thus operated to provide notice of the mortgage, the Trustee also argued that because the notice was filed within ninety days of the Debtor's bankruptcy filing, the mortgage was avoidable as a preferential transfer. In response, CIT argued that the certificate of acknowledgment substantially complied with the Kentucky statutes and, therefore, provided constructive notice to the Trustee. It further argued that even if defective, constructive notice was provided in accordance with an amendment to the Kentucky Revised Statutes, effective after the date Debtor filed its petition, providing that mortgages previously recorded provide constructive knowledge of their contents even if they contain a defective acknowledgment. And finally, CIT argued that the Notice of Lis Pendens did not constitute a transfer avoidable as a preference.

After oral argument on the motions, the bankruptcy court ruled from the bench that the language in the certificate of acknowledgment at issue substantially complied with the requirements

of the Kentucky statutes and that CIT held a valid mortgage against Debtor's property. On October 23, 2006, the court entered its Order and Judgment to that effect, granting CIT's motion and denying the Trustee's motion for summary judgment.

The Trustee filed this timely appeal.

## IV. DISCUSSION

The Bankruptcy Appellate Panel for the Sixth Circuit has recently decided several appeals analyzing whether mortgages were defective under Kentucky statutes. Each appeal has some nuance that sets it apart from the others. Similarly, this appeal has its own nuances, but the statement of the federal and state law involved and burdens of proof and persuasion outlined below are the same as set forth in our prior decisions. *See MG Invs., Inc. v. Johnson (In re Cocanougher)*, 378 B.R. 518 (B.A.P. 6th Cir. 2007); *Select Portfolio Servs., Inc. v. Burden (In re Trujillo)*, 378 B.R. 526 (B.A.P. 6th Cir. 2007); *Wilson v. CIT Group/Consumer Fin. Inc. (In re Wilson)*, 378 B.R. 416 (B.A.P. 6th Cir. 2007) (unpublished table decision); and *Kendrick v. Deutsche Bank Nat'l Trust Co. (In re St. Clair)*, 380 B.R. 478 (B.A.P. 6th Cir. 2008).

### A. CIT's Mortgage Instrument Did Not Provide Constructive Notice to the Trustee.

Pursuant to section 544 of the Bankruptcy Code,[1] the Trustee is considered a bona fide purchaser of the Debtor's real estate and may therefore avoid certain obligations placed on the property that are voidable under state law. *See, e.g., Rogan v. Bank One, Nat'l Assoc. (In re Cook)*, 457 F.3d 561, 566 (6th Cir. 2006). Kentucky law governs the question of whether CIT's security interests are superior to the Trustee's interests in the Debtor's real estate. *Id.* It does not matter whether the Trustee personally knew of the mortgage. "Rather, the inquiry focuses on whether a bona fide purchaser would have notice" under Kentucky law. *Thacker v. United Cos. Lending Corp.*, 256 B.R. 724, 728 (W.D. Ky. 2000).

---

[1] Because the Debtor filed its bankruptcy petition after October 17, 2005, the case is governed by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). All statutory references are to the post-BAPCPA version of the Bankruptcy Code, 11 U.S.C. §§ 101 to 1330 (2005), unless otherwise specifically noted.

Under Kentucky law, a recorded but defective mortgage does not put a bona fide purchaser on constructive or inquiry notice. *See Rogan v. Am.'s Wholesale Lender d/b/a Countrywide Home Loans, Inc. (In re Vance)*, 99 Fed. Appx. 25, 27 (6th Cir. 2004); *State Street Bank & Trust Co. v. Heck's, Inc.*, 963 S.W.2d 626, 630 (Ky. 1998). The Trustee has the burden of showing that the mortgage was improperly executed. *Simon v. First Union Mort. Corp. (In re Burnham)*, 231 B.R. 270 (Bankr. N.D. Ohio 1999).

The following Kentucky statutes are applicable to our determination of the validity of the certificate of acknowledgment. The first of these to be examined is Kentucky Revised Statute § 423.130:

### 423.130 Certificate of person taking acknowledgment

The person taking an acknowledgment shall certify that:

(1) The person acknowledging appeared before him and acknowledged he executed the instrument; and

(2) The person acknowledging was known to the person taking the acknowledgment or that the person taking the acknowledgment had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument.

Accordingly, § 423.130 requires the notary to certify three things: (i) that the person signing appeared before the notary; (ii) that the person signing acknowledged executing the instrument; and (iii) that the person signing is known to the notary or provided satisfactory evidence of his identity to the notary.

Concerning the form of the acknowledgment, Kentucky Revised Statute § 423.140 provides as follows:

### 423.140 Recognition of certificate of acknowledgment

The form of a certificate of acknowledgment used by a person whose authority is recognized under KRS 423.110 shall be accepted in this state if:

(1) The certificate is in a form prescribed by the laws or regulations of this state;[2]

---

[2] The short form acknowledgment for a corporation is set forth in subsection (2) of Kentucky Revised Statute § 423.160:

### 423.160 Short forms of acknowledgment

(continued...)

(2) The certificate is in a form prescribed by the laws or regulations applicable in the place in which the acknowledgment is taken; or

(3) The certificate contains the words "acknowledged before me," or their substantial equivalent.

Kentucky Revised Statute § 423.150 defines the words "acknowledged before me" as follows:

**423.150 Certificate of acknowledgment**

The words "acknowledged before me" mean:

(1) That the person acknowledging appeared before the person taking the acknowledgment;

(2) That he acknowledged he executed the instrument;

(3) That, in the case of:

. . . .

---

²(...continued)
The forms of acknowledgment set forth in this section may be used and are sufficient for their respective purposes under any law of this state. The forms shall be known as "Statutory Short Forms of Acknowledgment" and may be referred to by that name. The authorization of the forms in this section does not preclude the use of other forms.

. . . .

(2) For a corporation:

State of _____

County of _____

The foregoing instrument was acknowledged before me this (date) by (name of officer or agent, title of officer or agent) of (name of corporation acknowledging) a (state or place of incorporation) corporation, on behalf of the corporation.

(Signature of person taking acknowledgment)

(Title or rank)

(Serial number, if any)

As noted in the statute, the short form is merely a "safe harbor" that has been determined as sufficient for its purpose under the laws of Kentucky and does not preclude the use of other forms. Ky. Rev. St. Ann. § 423.160.

>    (b) A corporation, the officer or agent acknowledged he held the position or title set forth in the instrument and certificate, he signed the instrument on behalf of the corporation by proper authority, and the instrument was the act of the corporation for the purpose therein stated; [and]
>
>    . . . .
>
>    (4) That the person taking the acknowledgment either knew or had satisfactory evidence that the person acknowledging was the person named in the instrument or certificate.

Subsections (1), (2) and (4) of Kentucky Revised Statute § 423.150 provide that by using the words "acknowledged before me," the notary is certifying receipt of the information required by Kentucky Revised Statute § 423.130. Section 423.140(3) provides that the certificate of acknowledgment is in acceptable form if it contains the words "'acknowledged before me,' *or their substantial equivalent*." Ky. Rev. Stat. Ann. § 423.140(3) (emphasis added). *See also Dunlap v. Commonwealth Cmty. Bank (In re Phelps)*, 341 B.R. 848, 853 (Bankr. W.D. Ky. 2006) ("[U]nder either a statutory standpoint or a case law standpoint, the standard to be used in determining the sufficiency of an acknowledgment is whether the acknowledgment substantially complies with the statutory requirements.")

Subsection (3) of Kentucky Revised Statute § 423.150 sets out the meaning of the words "acknowledged before me" when used by an individual signing on behalf of various entities. With respect to a person signing on behalf of a corporation, § 423.150(3)(b) indicates that the words "acknowledged before me" advise the public that the person signing acknowledged that: (1) he holds the position or title set forth in the certificate; (2) he signed on behalf of the corporation; (3) he had the authority to sign on behalf of the corporation; and (4) his signing was the act of the corporation itself.

Kentucky does not require technical compliance with its notary statute, but merely substantial compliance. As explained in *Hackworth v. Flinchum*, 475 S.W.2d 140 (Ky. 1972), albeit in the context of an acknowledgment in a will renunciation:

>    In the absence of a mandatory statute substantial rather than literal compliance with the form or requirements laid down in the statute is all that is essential to the validity of a certificate of acknowledgment. This is said to be true even though the statute prescribes that acknowledgments "must" be substantially in the form prescribed. The general policy of the law is to construe certificates of acknowledgment liberally and

> to uphold them if they are in substantial compliance with the statutory requirements as to form and content, even though they may fall short of literal conformity thereto, or contain clerical errors, or be otherwise subject to merely technical objections. *Although words not in the statute are used in place of others, or words of a statute are omitted, if the meaning of the words used is the same or they represent the same facts, or if the omission of a word or words is immaterial or can be supplied by reasonable construction of the whole instrument, the acknowledgment will be sufficient.*

*Hackworth*, 475 S.W.2d at 142 (quoting 1 Am. Jur. 2d *Acknowledgments* § 40 (now revised at § 31)) (emphasis added).

In this case, the certificate of acknowledgment does not contain the words "acknowledged before me," so as to include all of the representations set forth in the definition of that phrase found in Kentucky Revised Statute § 423.150. Nevertheless, the mortgage document itself clearly indicates that Lester Arnold Gruseck signed as President on behalf of Gruseck & Son, Inc. The acknowledgment language indicates that Lester Arnold Gruseck was indeed the person who appeared before the notary, that he executed the mortgage for the purposes stated therein, that he is the President of the Debtor corporation, and that he signed the mortgage on behalf of the corporation. Thus, the only remaining material representations included in § 423.150's definition of "acknowledged before me" that are not readily apparent from the notary clause are that Gruseck had the authority to sign on behalf of the corporation, which generally involves a resolution by the board of directors, and that his signing was an act of the corporation. While the latter requirement may be inferred from the fact that the corporation is listed as Grantor and Gruseck signed on behalf of the Grantor as president, nothing in the acknowledgment supplies the required representation that the corporation had authorized this action. Nor can this omission be supplied by a reasonable construction of the whole instrument. Accordingly, the acknowledgment does not substantially comply with the Kentucky statutes in that it fails to establish that Gruseck "signed the instrument on behalf of the corporation by *proper authority*" as required by Kentucky Revised Statute § 423.150(3)(b) (emphasis supplied). The decision of the bankruptcy court is reversed as to this issue.

***B. The Amendment to Kentucky Revised Statute § 382.270 cannot be applied retroactively to divest the Trustee of vested rights.***

CIT argues that even if its mortgage was defectively acknowledged, the 2006 amendment to Kentucky Revised Statute § 382.270 applies retroactively such that the Trustee is charged with constructive notice of the mortgage.[3] Debtor's petition was filed on February 16, 2006, while the amendment to the statute did not become effective until July 12, 2006. The Bankruptcy Appellate Panel for the Sixth Circuit has already determined the issue as to the retroactive application of Kentucky Revised Statute § 382.270 against a bankruptcy trustee where a debtor's petition was filed prior to the effective date of the amendment to the statute. As stated in *Trujillo*,

> The Supremacy Clause of the United States Constitution precludes retroactive application of § 382.270. The Debtor filed his bankruptcy petition before the effective date of the amended statute. Under federal law, a trustee's rights as a bona fide purchaser are fixed as of commencement of the bankruptcy case. *See* 11 U.S.C. § 544(a)(3). Amended § 382.270 may not be applied retroactively in this case as such application would be in conflict with the federal bankruptcy statute. *In re Hastings*, 353 B.R. at 520; *cf. United States v. Craft*, 535 U.S. 274, 288-89, 122 S. Ct. 1414, 1426, 152 L. Ed. 2d 437 (2002) (applying the Supremacy Clause and concluding that debtor's interest in entireties property constituted "property" or "rights to property" under the federal tax lien statute, notwithstanding the fact that such property was not subject to levy under state law).

*In re Trujillo*, 378 B.R. at 537.

---

[3] Amended Kentucky Revised Statute § 382.270 provides in relevant part as follows:

No deed or deed of trust or mortgage conveying a legal or equitable title to real property shall be lodged for record and, thus, valid against a purchaser for a valuable consideration, without notice thereof, or against creditors, until such deed or mortgage is acknowledged or proved according to law. However, if a deed or deed of trust or mortgage conveying a legal or equitable title to real property is not so acknowledged or proved according to law, but is or has been, prior to July 12, 2006, otherwise lodged for record, such deed or deed of trust or mortgage conveying a legal or equitable title to real property or creating a mortgage lien on real property shall be deemed to be validly lodged for record for purposes of KRS Chapter 382, and all interested parties shall be on constructive notice of the contents thereof.

As the creditors did in *Trujillo*, CIT cites *Meoli v. Citicorp Trust Bank (In re Oswalt)*, 444 F.3d 524 (6th Cir. 2006), in support of its argument that § 382.270 should be applied retroactively. However, *Oswalt* is distinguishable from the present appeal.

> In *Oswalt*, the Sixth Circuit addressed the issue of retroactivity of a Michigan statute dealing with the perfection of security interests in mobile homes. The court recognized that its decision in *Boyd v. Chase Manhattan Mortgage Corp. (In re Kroskie)*, 315 F.3d 644 (6th Cir. 2003), had created chaos in the Michigan mobile home financing market. Prior to *Kroskie*, the Michigan Mobile Home Commission Act ("MHCA") provided a method for perfecting security interests in mobile homes by noting liens on titles; however, creditors also perfected such security interests by recording traditional mortgages. In *Kroskie*, the court held that the MHCA provided the exclusive means of perfecting mobile home security interests under Michigan law. Shortly thereafter, in order to "undo the effect of the *[Kroskie]* decision," the Michigan legislature amended the MHCA, specifying that creditors could perfect security interests in mobile homes by recording traditional mortgage liens. *Oswalt*, 444 F.3d at 527. The Michigan legislature also added language that the amendment applies retroactively. Because "the amendment's language and the circumstances under which it was enacted indicate that the Michigan legislature intended it to clarify the perfection procedures," the Sixth Circuit concluded in *Oswalt* that the amendment must be applied retroactively. *Id.* at 528. Unlike the situation in *Oswalt*, there is no indication that the Kentucky legislature intended to clarify previous law. Rather, the language of the amendment clearly provides for a change in the law regarding when a party is put on constructive notice of a deed or mortgage.

*In re Trujillo*, 378 B.R. at 538-39.

For the reasons explained in *Trujillo*, § 382.270 may not be applied retroactively so as to divest the Trustee of his vested rights as a bona fide purchaser. This conclusion is consistent with Kentucky case law providing that a statutory amendment should only be applied retroactively if the statute in question serves to facilitate a remedy and if no vested rights are impaired. *See In re Trujillo*, 378 B.R. at 538 (quoting *Ky. Ins. Guar. Ass'n v. Jeffers*, 13 S.W.3d 606, 610 (Ky. 2000)).

### *C. The notice provided by CIT recording its Notice of Lis Pendens defeats the Trustee's claimed position as a bona fide purchaser under 11 U.S.C. § 544(a)(3).*

Lis pendens is defined as "[a] notice, recorded in the chain of title to real property, . . . to warn all persons that certain property is the subject matter of litigation, and that any interests acquired during the pendency of the suit are subject to its outcome." *Greene v. McFarland*, 43 S.W.3d 258, 260 (Ky. 2001) (alterations in original). The Trustee agrees that the Notice of Lis

Pendens, filed prior to the Debtor's bankruptcy filing, provided constructive notice of the mortgage notwithstanding the mortgage's defective acknowledgment. The Bankruptcy Appellate Panel for the Sixth Circuit held in *Treinish v. Norwest Bank Minn., N.A. (In re Periandri)*, 266 B.R. 651 (B.A.P. 6th Cir. 2001), that constructive notice provided by a lis pendens filing precluded a trustee from avoiding a defective mortgage under § 544(a)(3). While *Periandri* concerned Ohio's lis pendens statute, we find that Kentucky law is in accord. *See Cumberland Lumber Co. v. First & Farmers Bank of Somerset*, 838 S.W.2d 403, 405 (Ky. App. 1992) ("[O]ne who acquires an interest in property, whether by purchase, lien or other encumbrance, after the filing of a lis pendens notice, takes that interest subject to the results of the litigation. Actual knowledge of the pending action is not necessary to bind the pendente lite purchaser."); *Johnson v. CIT Group/Consumer Fin. Inc. (In re Franklin)*, No. 05-5110, 2006 WL 3876501, *3 (Bankr. E.D. Ky. Jan. 25, 2006) (Despite defective mortgage, properly executed and recorded lis pendens notice provided constructive notice to subsequent purchasers and creditors including bankruptcy trustee, sufficient to defeat trustee's status as bona fide purchaser without notice and preclude avoidance of defective mortgage under § 544.). Accordingly, CIT's interest in the Debtor's property is superior to that of the Trustee with the status of a bona fide purchaser under 11 U.S.C. § 544(c)(3).

***D. Because the mortgage given to CIT by the Debtor is deemed for preference purposes to have been granted upon perfection, and because perfection occurred upon CIT's recording of its Notice of Lis Pendens during the preference period, the transfer is subject to avoidance as a preferential transfer.***

Because the bankruptcy court in this case held that the certificate of acknowledgment in the mortgage was not defective, the court denied the Trustee's motion for summary judgment, without considering the merits of the Trustee's preferential transfer claim. In light of our determination that the mortgage was in fact defective, but that nonetheless the filing of the Notice of Lis Pendens during the preference period served to protect the mortgage from avoidance under § 544(a)(3), the preference question is now relevant.

The Trustee asserts that his ability to avoid CIT's mortgage as preferential is purely a matter of law, capable of determination by this Panel. According to the Trustee, because the recording of CIT's lis pendens notice was the first instrument of record capable of cutting off a bona fide

purchaser's ability to achieve a position superior to CIT's, and because the Notice of Lis Pendens was recorded within the 90 days preceding the filing of the bankruptcy petition, the Trustee may avoid CIT's mortgage as a preferential transfer. CIT's response is that the filing of the Notice of Lis Pendens was not a transfer, but merely a unilateral act on its part to give notice of the pending foreclosure in accordance with state statutes. In support of this proposition, CIT cites the definition of transfer set forth in 11 U.S.C. § 101(54)[4] and argues that the filing of a lis pendens meets none of these definitions. CIT also cites the case of *Strong v. First Nationwide Mtg. Corp.*, 959 S.W.2d 785 (Ky. App. 1998), wherein the court noted that the filing of a lis pendens notice does not create a lien under Kentucky law.

In one respect CIT is correct: the transfer of Debtor's real property took place when the Debtor gave CIT a mortgage on the property on May 6, 2002. Nonetheless, for purposes of § 547 of the Bankruptcy Code, a transfer is *deemed to have been made* at the time the transfer is perfected, if perfection takes place more than 30 days after its creation, which it did in this case because the initial recording was defective. *See* 11 U.S.C. § 547(e)(2)(B)[5]; *see also Waldschmidt v. Mid-State*

---

[4] The term "transfer" means—

(A) The creation of a lien;

(B) the retention of title as a security interest;

(C) the foreclosure of a debtor's equity of redemption; or

(D) each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with—

(i) property;

(ii) an interest in property.

11 U.S.C. § 101(54).

[5] 11 U.S.C. § 547(e)(2)(A) and (B) provides:

For the purposes of this section, except as provided in paragraph (3) of this subsection, a transfer is made–

(A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 30 days after, such time, except as provided in subsection (c)(3)(B); [or]

(B) at the time such transfer is perfected, if such transfer is perfected after such 30

(continued...)

*Homes, Inc. (In re Pitman)*, 843 F.2d 235, 238 (6th Cir. 1988). Moreover, again for purposes of § 547, a transfer of real property is perfected when a bona fide purchaser of such property can not acquire an interest that is superior to the interest of the transferee. *See* 11 U.S.C. § 547(e)(1)(A).[6] As we previously noted, CIT's interest became superior to the interest of any potential bona fide purchaser of the property when CIT recorded its Notice of Lis Pendens on November 22, 2005. Accordingly, under § 547(e)(1)(A), CIT's mortgage in the Debtor's realty was perfected at this point. Thus, even though the actual transfer was the creation of the mortgage in 2002, the transfer is deemed to have occurred, for preference purposes, when perfected in November 2005. Because this act took place within the preference period, it is considered a transfer, subject to avoidance as a preference, assuming the other required elements of a preference exist. *See In re Lane*, 980 F.2d 601 (9th Cir. 1992) (because the recording of the lis pendens operated to perfect the filer's interest against bona fide purchasers, the recording was a transfer under § 547(e)(1)(A)); *Rice v. First Ark. Valley Bank (In re May)*, 310 B.R. 405, 415 (Bankr. E.D. Ark. 2004) (the recording of lis pendens constituted a transfer of an interest for preference purposes under § 547).

The Ninth Circuit Court of Appeals in *Lane* specifically considered and rejected the argument raised by CIT in the instant case, that no transfer took place because under state law the filing of the lis pendens does not create a lien. The court observed that "[i]t is the fact of attainment of a superior interest, not the creation of a lien or the rendering of a judgment, that creates a transfer under the Bankruptcy Code . . . ." *In re Lane*, 980 F.2d at 606. *See also Barnhill v. Johnson*, 503 U.S. 393, 397, 112 S. Ct. 1386, 1389 (1992) ("'What constitutes a transfer and when it is complete' is a matter of federal law.").

---

[5](...continued)
days[.]

[6] For the purposes of this section—

(A) a transfer of real property other than fixtures, but including the interest of a seller or purchaser under a contract for the sale of real property, is perfected when a bona fide purchaser of such property from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of the transferee[.]

11 U.S.C. § 547(e)(1).

Based on the foregoing, we conclude that CIT's mortgage, which is deemed for preference purposes to have been granted when perfected, is a transfer of property of the Debtor subject to avoidance as a preference. Nonetheless, the record does not establish all of the other required components of a preference, specifically that payment enabled CIT to receive more than it would have received but for the transfer. *See* 11 U.S.C. § 547(b)(3) and (5). This element was not admitted by CIT in its answer and it does not appear that the Trustee submitted proof of this element, by affidavit or otherwise, in connection with his motion of summary judgment.[7] Accordingly, the bankruptcy court's denial of the Trustee's motion for summary judgment is reversed, and the case will be remanded for further consideration of the Trustee's preference claim, consistent with the conclusions of this Panel.

## V. CONCLUSION

Because the certificate of acknowledgment in the mortgage at issue did not substantially comply with Kentucky Revised Statutes §§ 423.130 and 423.150, the mortgage was not perfected until November 22, 2005, the date the Notice of Lis Pendens was filed. This date was before the date Debtor filed its petition and provided the Trustee with constructive notice of the mortgage. Therefore, CIT held an enforceable security interest at the commencement of the case. However, the security interest was perfected within ninety days of the Debtor's bankruptcy filing. The bankruptcy court's judgment, therefore, is AFFIRMED to the extent that it adjudged CIT to be the holder of a valid mortgage lien against Debtor's real estate and REVERSED in part and REMANDED for the bankruptcy court to address the Trustee's motion for summary judgment on his preference claim.

---

[7] Debtor's insolvency at the time of the transfer, that is, at the time the Notice of Lis Pendens was filed, is also an element of the Trustee's preference claim that was not admitted by CIT in its answer. However, there is a statutory presumption that Debtor was insolvent since the transfer occurred within ninety days before Debtor filed its bankruptcy petition. *See* 11 U.S.C. § 547(f). CIT did not attempt to rebut that presumption in its response to the Trustee's motion for summary judgment.