RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 09a0088p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

In re GRUSECK & SON, INC.,
                                    *Debtor.*

CIT SMALL BUSINESS LENDING CORPORATION,
                                    *Plaintiff-Appellant,*

v.

L. CRAIG KENDRICK,
                                    *Defendant-Appellee.*

No. 08-5624

On Appeal from the Sixth Circuit Bankruptcy Appellate Panel.
No. 06-20076—William S. Howard, Bankruptcy Judge.

Submitted: January 8, 2009

Decided and Filed: March 6, 2009

Before: KETHLEDGE and WHITE, Circuit Judges; POLSTER, District Judge.*

_____

## COUNSEL

**ON BRIEF:** John P. Brice II, WYATT, TARRANT & COMBS, LLP, Lexington, Kentucky, for Appellant. Debra S. Pleatman, Michael Burris Baker, ZEIGLER & SCHNEIDER, P.S.C., Covington, Kentucky, for Appellee.

_____

## OPINION

_____

KETHLEDGE, Circuit Judge. The bankruptcy trustee commenced an adversarial proceeding under 11 U.S.C. § 547 to avoid, as a preferential transfer, a mortgage

---

*The Honorable Dan Aaron Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

1

No. 08-5624    *In re Gruseck & Son, Inc.*    Page 2

recorded in Kentucky by CIT Small Business Lending Corporation ("CIT"). The bankruptcy court granted summary judgment in favor of CIT, but the Bankruptcy Appellate Panel ("BAP") reversed and remanded for a determination whether certain elements of the trustee's preference action are met. CIT now seeks review of the BAP's order. We dismiss the appeal for lack of jurisdiction.

I.

On May 6, 2002, Gruseck & Son, Inc. (the "Corporation") executed an $879,000.00 promissory note and mortgage in CIT's favor. On May 20, 2002, CIT recorded the mortgage in the Boone County, Kentucky Clerk's Office. Over three years later, on November 22, 2005, CIT recorded a notice of *lis pendens* in that office, which referred to a pending foreclosure action by CIT with respect to the mortgaged property.

On February 16, 2006, the Corporation petitioned for relief under Chapter 7 of the Bankruptcy Code. The bankruptcy trustee thereafter filed a complaint to avoid CIT's mortgage as a preferential transfer under 11 U.S.C. § 547. The trustee alleged the mortgage was defective and thus not perfected under Kentucky law, which rendered it avoidable under § 544(a). The trustee conceded, however, that the notice of *lis pendens* served to perfect the mortgage, which would defeat his § 544(a) claim. But the trustee contended that the notice of *lis pendens* was filed within the 90-day preference period under § 547; and that, under § 547(e)(2)(B), a transfer is deemed to occur at the time the transfer is perfected. Thus, if the mortgage was perfected only upon filing of the notice of *lis pendens*, the mortgage itself would be deemed a transfer occurring within the preference period. Consequently, if the other elements of a preference action were met—and the trustee alleged they were—the mortgage itself would be avoidable as a preferential transfer under § 547.

The bankruptcy court headed the trustee's claim off at the pass, holding that the mortgage was valid under Kentucky law, and thus perfected when recorded in 2002. That meant the transfer effected by the mortgage likewise occurred in 2002, which placed the transfer well outside the 90-day preference period. The court therefore

granted summary judgment in favor of CIT without addressing the other elements of the trustee's preference claim.

The BAP reversed, holding that the mortgage was defective under Kentucky law, and thus not perfected until the notice of *lis pendens* was filed more than three years later. That brought the mortgage's transfer within the preference period. But the record before the BAP did not allow it to determine whether the other elements of the trustee's preference action were met, so it remanded the case to the bankruptcy court for that determination. CIT now seeks review of the BAP's order.

II.

We recently held that "'a decision by the district court on appeal remanding the bankruptcy court's decision for further proceedings in the bankruptcy court is not final, and so is not appealable to this court, unless the further proceedings contemplated are of a purely ministerial character.'" *Settembre v. Fidelity & Guar. Life Insur. Co.*, 552 F.3d 438, 441 (6th Cir. 2009) (quoting *In re Lopez*, 116 F.3d 1191, 1192 (7th Cir. 1997)). The BAP, rather than a district court, entered the remand order here; but "final[ity]" is the prerequisite of our jurisdiction with respect to district court and BAP orders alike. *See* 28 U.S.C. § 158(d)(1). The *Settembre* rule thus fully applies to remand orders entered by the BAP.

So we apply that rule here. Proceedings to prove the elements of a preference action are not ministerial, but instead concern the merits of the claim. We therefore lack jurisdiction over the BAP's order, and dismiss CIT's appeal.