UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION


IN RE:

GRUSECK AND SON, INC.

DEBTOR                                                CASE NO. 06-20076


L. CRAIG KENDRICK, TRUSTEE                            PLAINTIFF


VS.                                                   ADV. NO. 06-2078


CIT SMALL BUSINESS LENDING CORP.                      DEFENDANT

**MEMORANDUM OPINION**

This matter is before the court on remand from the Bankruptcy Appellate Panel for the Sixth Circuit ("the BAP") for determination of whether the Plaintiff may avoid the Defendant's interest in property as a preference. The court had previously entered an Order and Judgment in favor of the Defendant, and the Plaintiff appealed the court's decision to the BAP. The BAP affirmed the court's decision in part, reversed in part, and remanded as set out above.

1.  Factual and procedural history

The parties have entered into Joint Stipulations which provide as follows:

   1.  On May 6, 2002, Debtor Gruseck and Son, Inc. executed and delivered to CIT a promissory note in the principal amount of $879,000.00.

   2.  In order to secure repayment of the note, Debtor granted CIT a mortgage with respect to Debtor's real property located at 5965 Centennial Circle, Florence, Kentucky.

   3.  This mortgage was recorded on May 20, 2002 and is of record

1

in Book M2221, page 180 of the Boone County Clerk's Office.

    4. Debtor also granted CIT a security interest in certain personal property owned by the Debtor as well as fixtures.

    5. The security interest in the personal property was perfected by financing statement filed in the Secretary of State's office on March 21, 2003.

    6. The fixture filing was recorded in the Office of the Boone County Clerk on May 20, 2002, and is of record in Book M2221, page 192 of that office.

    7. Debtor defaulted in its payments due on the note.

    8. CIT filed a foreclosure proceeding in the Boone Circuit Court on November 22, 2005.

    9. On or about November 22nd, 2005, CIT recorded a lis pendens at Encumbrance Book 101, page 158, of the Boone County Clerk's records at Burlington, Kentucky.

    10. By November 22, 2005, the Debtor was insolvent.

    11. The lis pendens was recorded for the benefit of CIT at a time when the Debtor was insolvent.

    12. The action commenced by CIT referenced in the lis pendens was to collect an antecedent debt.

    13. On January 24, 2006, CIT obtained a Summary Judgment and Order of Sale ("Judgment") in the foreclosure motion (sic).

    14. Paragraph 2 of the Summary Judgment adjudicated CIT to be the holder of a first, prior, and superior lien against the real property located a 5965 Centennial Circle, Florence, Kentucky.

    15. On February 16, 2006, the Debtor commenced a Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Eastern District of Kentucky, Covington Division.

    16. The lis pendens was recorded within 90 days prior to the filing of the Debtor's Bankruptcy.

    17. The deadline to file a proof of claim in the Debtor's main case was June 13, 2006.

    18. Prior to the deadline, a total of six Proofs of Claim were timely filed. A true and correct copy of the claims register is attached hereto as Exhibit A, and incorporated herein by reference.

    19. The claims register indicates timely filed unsecured claims

from creditors which are not insiders or affiliates of the Debtor.

20. Based on the claims filed, if the Trustee were to make a distribution of the funds in his possession which treated CIT Small Business Lending Corporation's claims as fully unsecured, CIT would receive less funds than it would be entitled to received were its claim deemed fully secured.

This court previously granted the Defendant's Motion for Summary Judgment, finding that the notary statement contained in Defendant's mortgage substantially complied with the requirements of KRS 423.130. The court did not address the question of whether the filing of the lis pendens notice constituted a preferential transfer. On appeal the BAP reversed this Court's decision with respect to substantial compliance with KRS 423.130, and further found that the filing of the lis pendens notice constituted a transfer for purposes of Bankruptcy Code section 547. The BAP remanded the matter to this court for determination of whether the Plaintiff can establish all the elements of section 547.

The Defendant appealed the BAP's decision to the Sixth Circuit which dismissed the appeal sua sponte for lack of jurisdiction, deciding that the remand by the BAP presented a substantial matter for this court's consideration which had to be decided prior to any decision on the notary issue. The Joint Stipulations set out above establish all the elements of the Plaintiff's preference claim, and all that remains to be determined is whether the Defendant's interest in the property may be deemed to be secured.

2. Discussion

The Defendant maintains that its claim is secured because its mortgage operates as a properly recorded fixture filing, the separate fixture filing recorded directly after the subject mortgage

nothwithstanding.  The Defendant contends that the Plaintiff is therefore on constructive notice of the mortgage as a fixture filing, and ultimately on constructive notice of the document as a mortgage. The Defendant points out that KRS 355.9-502 permits a lender to utilize a recorded mortgage as a fixture filing if it provides the information required for fixture financing statements set out in the statute, i.e., the name of the debtor, the name of the secured party, indications that it covers fixtures and that it is to be recorded in the real estate records, and a description of the real property to which the collateral is related.  The Defendant states that its mortgage complies with each of these requirements.

In response to this position, the Plaintiff contends that the fact that the mortgage has been determined to have been unrecordable controls.  He points out that the fixture filing upon which the Defendant relies to impute constructive knowledge is wholly contained within the mortgage, and that instrument must comply with all the requirements of a recordable mortgage.  KRS 382.270.  Because the mortgage was never eligible to be recorded, it must be treated as though it had never appeared in the chain of title.  Whether the mortgage qualifies as a fixture filing is irrelevant, according to the Plaintiff, because the entire instrument must be disregarded.

The Plaintiff further contends that the law of the case doctrine forecloses the Defendant's argument concerning the fixture filing, raised for the first time on remand.  The Plaintiff cites *Westside Mothers v. Olszewski*, 454 F.3d 532 (6th Cir. 2006), in which the court stated:

> The law of the case doctrine provides that when a court

4

> decides upon a rule of law, that decision should continue to
> govern the same issues in subsequent stages in the same
> case.  The doctrine precludes a court from reconsideration
> of issues decided at an early stage of the litigation,
> either explicitly or by necessary inference from the
> disposition.  Pursuant to the law of the case doctrine, and
> the complementary mandate rule, upon remand the trial court
> is bound to proceed in accordance with the mandate and law
> of the case as established by the appellate court.  The
> trial court is required to implement both the letter and the
> spirit of the appellate court's mandate, taking into
> consideration the appellate court's opinion and the
> circumstances it embraces.
>    The law of the case doctrine precludes reconsideration of
> a previously decided issue unless one of three exceptional
> circumstances exists: (1) where substantially different
> evidence is raised on subsequent trial; (2) where a
> subsequent contrary view of the law is decided by the
> controlling authority; or (3) where a decision is clearly
> erroneous and would work a manifest injustice.

*Id.* at 538 (internal quotes and citations omitted).  The BAP decided that the Defendant's mortgage was unrecordable under Kentucky law, and that the mortgage was not perfected until the recording of the lis pendens.  The Plaintiff contends that the Defendant's alternative theory that the fixture filing imputes notice to the Plaintiff does not fit within the exceptions to the law of the case doctrine set out above.  Therefore, he maintains, the scope of this proceeding on remand must be limited to a determination of the Plaintiff's preference claim.  This court agrees with that position.

The Defendant has conceded that the Plaintiff is entitled to avoid the subject mortgage under the facts stipulated in this proceeding, absent a finding that the Defendant was fully secured.  As set out above, the Defendant's current arguments concerning its secured position are unavailing under the law of the case doctrine.  This court therefore concludes that the Plaintiff's Renewed Motion for Summary Judgment should be sustained and the Defendant's Motion for

```
     Summary Judgment should be overruled.  An order in conformity with

this opinion will be entered separately.


Copies to:

Michael B. Baker, Esq.
John P. Brice, Esq.
```

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
***The affixing of this Court's electronic seal below is proof this document
has been signed by the Judge and electronically entered by the Clerk in the
official record of this case.***



**Signed By:
<u>William S. Howard</u>
Bankruptcy Judge
Dated: Monday, August 31, 2009
(wsh)**